UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

HAYVER GUTIERREZ
*as next friend of*
MERLY FERNANDA CHAPARRO
GUERRERO,

       Petitioner,

v.              No. 1:25-CV-00266-H

WARDEN, BLUEBONNET
DETENTION CENTER, *et al.*,

       Respondents.

### NOTICE OF DEFICIENCY AND ORDER

  Hayver Gutierrez, a third-party, non-lawyer individual, filed a petition for writ of habeas corpus in the Amarillo Division of this Court on behalf of an immigrant detainee confined in the Bluebonnet Detention Center. Dkt. No. 3. The $5.00 filing fee was not paid. The Amarillo court transferred the petition to Abilene because the Bluebonnet Detention Center lies within the jurisdictional boundaries of this Division. Dkt. No. 6.

  The petition challenges the detention of Merly Fernanda Chaparro Guerrero pending asylum proceedings, and Gutierrez purports to represent Chaparro Guerrero's interests as next friend. Gutierrez also filed an emergency motion seeking Chaparro Guerrero's immediate release. Dkt. No. 4. Chaparro Guerrero did not sign the petition or the motion, however. Nor is there any indication that Chaparro Guerrero consented to, or even knows about, the filing of this case. As explained below, this case cannot proceed as filed.

**1.**  **Legal Authority**

  Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

The federal habeas statutes provide a limited avenue for next-friend standing, but it "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

**2.    Analysis**

Here, Gutierrez is not a lawyer—or even a jailhouse lawyer—and he has no authority to file legal claims on behalf of other individuals. He has not demonstrated that Chaparro Guerrero is incapable of appearing on her own behalf, and he makes no suggestion of inaccessibility, mental incompetence, or other disability. And although the Court trusts that Gutierrez is attempting to act in the best interests of Chaparro Guerrero, his relationship as her boyfriend does not entitle him to next-friend status. *See, e.g., State of Texas v. Prek on behalf of*

*Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Chaparro Guerrero did not sign the petition, nor is there any suggestion that she is even aware of it. Simply put, Gutierrez has not demonstrated that he is entitled to file a habeas petition on behalf of Chaparro Guerrero, nor does he have a right to remotely access information about this proceeding.[1] But Chaparro Guerrero has the right to pursue habeas relief on her own behalf or with the assistance of a licensed attorney.

---

[1] Gutierrez mailed the pleading to the Clerk's Office. He did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Moreover, the Court notes that Gutierrez lives in Tulsa, Oklahoma, nearly 400 miles away from the courthouse in Abilene. So even if Gutierrez could legally represent the petitioner—which he cannot—from a practical perspective it would be difficult for him to prosecute this case.

### 3. Conclusion and Instructions

The Clerk is directed to change the caption of this case to reflect that the proper petitioner is Merly Fernanda Chaparro Guerrero, who is proceeding pro se.[2] Gutierrez will be removed from the case. However, the case cannot proceed without any suggestion of interest from Chaparro Guerrero.

As a result, if Petitioner Chaparro Guerrero wishes to pursue these habeas claims, she must file an amended petition within 30 days and either pay the $5.00 filing fee or file an application to proceed *in forma pauperis*. The amended petition must be signed. The Court cautions Chaparro Guerrero that an amended petition will supersede and replace the original petition, so she must include all applicable grounds for relief in the amended petition. **If Chaparro Guerrero fails to timely file an amended petition, the Court will dismiss this action for want of prosecution without further notice.** Additionally, because Gutierrez lacks standing to seek relief on behalf of Chaparro Guerrero, the Court denies the emergency motion for immediate release without prejudice to Chaparro Guerrero's right to seek relief in her own name. Dkt. No. 4.

The Clerk is directed to mail a copy of this order to Hayver Gutierrez. But Gutierrez will not receive any further notice of the proceedings here. The Clerk is also directed to mail Petitioner Chaparro Guerrero a copy of the original petition filed here, Dkt. No. 3, and a blank Section 2241 form marked, "amended" and stamped with this cause number, and an application to proceed *in forma pauperis*.

Dated December 3, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[2] The petition lists Chaparro Guerrero's institutional ID number and place of detention on the first page.