UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MERLY FERNANDA CHAPARRO-
GUERRERO,

               Petitioner,

v.

                         No.  1:25-CV-00266-H

WARDEN, BLUEBONNET
DETENTION CENTER,

               Respondent.

## ORDER

Petitioner's partner, Hayver Gutierrez, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus on Petitioner's behalf, seeking to challenge her immigration detention in the Bluebonnet Detention Center.  Dkt. No. 3.  Gutierrez did not pay the filing fee.  The Court found that this case could not proceed as filed by Gutierrez but provided Petitioner an opportunity to pursue habeas relief on her own behalf.  Dkt. No. 8.  Now, as explained below, the Court finds that the petition must be dismissed for want of prosecution.  Alternatively, the petition is dismissed as moot because Petitioner is no longer detained in the Bluebonnet Detention Center.

On December 3, 2025, the Court entered an order and notice of deficiency requiring Petitioner to file an amended petition on the proper form and to either pay the $5 filing fee or file an application to proceed *in forma pauperis* within 30 days, if she wanted to pursue habeas relief.  Dkt. No. 8.  The Court warned Petitioner that failure to comply could result in the dismissal of this case.  *Id.*  Petitioner did not respond to or comply with the December 3 order.

So, on January 20, 2026, the Court entered a deficiency show cause order, requiring Petitioner to either submit the required documents or show cause why this petition should not be dismissed for want of prosecution within 14 days.  Dkt. No. 9.  The deficiency show cause order was mailed to Petitioner at her last-known address—the Bluebonnet Detention Center.

But the envelope was returned to the Clerk unopened, marked "Return to Sender" and "Departed 1/2/26." Dkt. No. 10. To date, Petitioner has not updated her mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiencies, and her current address is unknown. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's orders. Alternatively, because it appears that Petitioner is no longer detained in the Bluebonnet Detention Center, it appears that the petition is also subject to dismissal as moot.

So ordered.

The Court will enter judgment accordingly.

If Petitioner remains in custody and still wants to pursue her claims, she may file a motion to reopen this case within 30 days of the date of this order.

Dated March 3, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2